FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 16  PM 4:36

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHADOW LAKE MANAGEMENT COMPANY, INC. and RELAIS ESPLANADE L.L.C. | * | CIVIL ACTION NO. 06-4357 |
| VERSUS | * | SECTION SECT. C  MAG 1 |
| LANDMARK AMERICAN INSURANCE COMPANY | * | JURY TRIAL REQUESTED |

* * * * * * * * * * * * * * *

## COMPLAINT WITH REQUEST FOR JURY TRIAL

**NOW INTO COURT** comes **SHADOW LAKE MANAGEMENT COMPANY, INC.**, a Louisiana Corporation, (hereinafter "Shadow Lake") and **RELAIS ESPLANADE, L.L.C.**, a Louisiana Limited Liability Company (hereinafter "Relais") domiciled and having their principal place of business in the Parish of Jefferson, State of Louisiana, appearing herein through undersigned counsel, which represent as follows:

**Defendants**

1.

Made defendant herein is **LANDMARK AMERICAN INSURANCE COMPANY** (hereinafter "Landmark"), an insurance company organized and existing under the laws of a state other than Louisiana, with its principal place of business in Georgia, but which is authorized to do and is doing business in the State of Louisiana.

**Jurisdiction**

2.

This Court has jurisdiction in this matter pursuant to Title 28, United States Code, Section 1332 in that the plaintiffs are citizens of the State of Louisiana, and defendant is a citizen of a state other than Louisiana, and the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

**Venue**

3.

Venue is proper in this district in that the plaintiffs are Louisiana entities with their principal offices situated in the Parish of Jefferson, State of Louisiana, and the policy issued by defendant herein insured the property of plaintiff, Relais, which is located in this district.

## Background

4.

Relais owns an apartment complex located at 1201 West Esplanade Avenue, Kenner, Louisiana, consisting of twenty-two (22) buildings which comprise three hundred thirty-six (336) units and related ancillary buildings and other improvements. All of the buildings in this complex are contiguous to one another and are situated in Jefferson Parish, Louisiana.

5.

Shadow Lake is an independent contractor which was hired by Relais several years ago to manage this apartment complex. In that capacity, Shadow Lake purchased the policies of insurance insuring this property.

6.

On or about February 1, 2005, Aspen Speciality Insurance Company (hereinafter "Aspen") issued its policy number PP 002044 to Shadow Lake insuring the following apartment complexes:

    a.    Shadow Lake Villas Apartments located at 3320 Wall Boulevard, Gretna, Louisiana (owned by Linlake Ventures, a Louisiana Partnership);

    b.    Relais Esplanade Apartments located at 1201 West Esplanade Avenue, Kenner, Louisiana;

    c.    Carol Sue Apartments located at 1732 Carol Sue Boulevard, Gretna, Louisiana; and

    d.    Parc Fontaine Apartments located at 3100 - 3200 Rue Parc Fontaine, New Orleans, Louisiana.

7.

Aspen's policy insured all of the above apartment complexes for damages caused by "windstorm, falling objects, and water damage" (not flood waters), as well as damages arising due to Business Interruption and for Extra Expenses. This policy was for the period February 1, 2005 through February 1, 2006 and had policy limits of Five Million and No/100 ($5,000,000.00) Dollars. Attached hereto and made part hereof is a copy of said policy, which is marked Exhibit "A" for identification.

8.

As the primary insurer of the above referenced properties, Aspen has paid the full amount of its policy, *i.e.* Five Million and No/100 ($5,000,000.00) Dollars, to Shadow Lake as the manager of said properties.

9.

Also on February 1, 2005, Landmark issued its excess policy number LHD339381 to Shadow Lake insuring the above named apartment complexes for damages caused by "windstorm, falling objects, and water damage" (not flood waters), as well as damages arising due to Business Interruption and for Extra Expenses. This policy was for the period February 1, 2005 through February 1, 2006 and had policy limits of Forty-Four Million Nine Hundred Forty Thousand Eight Hundred and No/100 ($44,940,800.00) Dollars per occurrence. Attached hereto and made part hereof is a copy of said policy, which is marked Exhibit "B" for identification.

10.

Landmark's excess policy number LHD339381 was an endorsement to policy number PP002044 issued by Aspen on February 1, 2005.

11.

On or about August 29, 2005, Hurricane Katrina struck the Parish of Jefferson and more particularly the apartment complex owned by Relais causing substantial damage to the physical improvements of the apartment complex as well as to its contents and furnishings, all of which also resulted in substantial damages due to Business Interruption and Extra Expenses.

12.

The Relais apartment complex, which is located on the east bank of the Mississippi River, did not sustain any damage from rising flood waters; however, it did suffer considerable damages from rain water which soaked some of the sections of the buildings of the complex as well as the contents and furnishings of those sections. These damages were occasioned as a result of wind damage to the roofs, windows, siding, and other sections of the buildings.

13.

Immediately after August 29, 2005, Relais provided Aspen and Landmark with timely notice of Hurricane Katrina and the resulting damages to its apartment complex.

14.

On or about the October 26, 2005, Relais's then counsel, the law firm of Heebe & Heebe, retained The Greenspan Co./Adjusters International ("Greenspan"), a public adjusting firm, to assist it in determining the amount of damages caused by Hurricane Katrina to its apartment complex as well as the loss of revenue due to Business Interruption and for Extra Expenses. .

## Count I

15.

Immediately after Hurricane Katrina struck, Relais requested Aspen and Landmark to tour its entire apartment complex and to inspect all of the units in the apartment complex, as well as all other areas in the complex, to determine the physical damage caused by Hurricane Katrina and the resulting monetary damages.

16.

Thereafter, Aspen paid the full amount of its policy, *i.e.* Five Million and No/100 ($5,000,000.00) Dollars in satisfaction of the damages to all of the apartment complexes which it insured ( *referred to in paragraph 6 of this complaint*).

17.

In the interim, from September 2005 until approximately May 2006, Landmark's adjuster spent a minimal amount of time at Relais's apartment complex in attempting to ascertain the damages sustained.  Despite repeated requests by Relais to attempt to timely adjust the losses, Landmark's adjuster stated that Landmark had no liability under its policy.  In the interim, Relais and its counsel, through Greenspan, inspected every unit in the apartment complex, inspected the entire exterior and interior of the complex,  and inspected all of the other improvements at the complex .

18.

More than sixty (60) days ago, Greenspan furnished Landmark's adjuster with a detailed report outlining the total damages caused by Hurricane Katrina to Relais's apartment complex, its contents, and furnishings, and to the other improvements in said complex. Greenspan had determined

that the recoverable damages incurred by Relais as a result of damage to its physical apartment complex due to Hurricane Katrina is in the amount of Two Million Two Hundred Thirty-Three Thousand Four Hundred Eighty-Five and No/100 ($2,233,485.00) Dollars.

19.

After deducting the sum of Six Hundred Ninety-Eight Thousand Five Hundred and No/100 ($698,500.00) Dollars which Shadow Lake allocated to Relais as its proportionate share of the Five Million and No/100 ($5,000,000.00) Dollars paid by Aspen under its primary policy insuring the apartment complexes identified above, Landmark is indebted to Relais in the amount of One Million Five Hundred Thirty-Four Thousand Nine Hundred Eighty-Five and No/100 ($1,534,985.00) Dollars.

20.

To date, Landmark has paid nothing to Relais or Shadow Lake under its policy insuring the subject property.

21.

As a result of all of the above, with respect to Count I, defendant Landmark owes to Relais and/or Shadow Lake the sum of One Million Five Hundred Thirty-Four Thousand Nine Hundred Eighty-Five and No/100 ($1,534,985.00) Dollars, plus interest thereon, from the date of judicial demand until paid, plus reasonable attorney's fees and costs.

## Count II

22.

Relais and Shadow Lake repeat and incorporate into Count II all of the foregoing allegations contained in this Complaint.

23.

Landmark's actions in refusing to pay anything under its policy of insurance with reference to damages to the subject apartment complex are arbitrary and capricious and in bad faith, and, as such, Relais and/or Shadow Lake is entitled to all damages, whether foreseeable or not, including attorney's fees.

24.

Pursuant to Louisiana Revised Statutes 22:658(A)(1), Landmark was obligated to pay to Relais any amounts owed to it within thirty (30) days of receipt of the written report relating to damages and monetary losses to its apartment complex. However, Landmark failed to do so. As a result of that failure, which was arbitrary, capricious, and without probable cause, Landmark is liable to Relais and/or Shadow Lake pursuant to Louisiana Revised Statutes 22:658(B)(1) for all amounts due under its policy, plus twenty-five (25%) percent.

25.

Pursuant to Louisiana Revised Statutes 22:658(A)(3), Landmark was obligated to initiate adjustment of Relais's losses within thirty (30) days of the notice of the loss. However, Landmark failed to initiate adjustment of Relais's losses within that thirty (30) day notice period. Accordingly, pursuant to Louisiana Revised Statutes 22:658(A)(3) and Louisiana Revised Statutes 22:1220(c), Landmark is liable for penalties in the amount of two times the damages sustained by Relais.

26.

Pursuant to Louisiana Revised Statutes 22:1220(A), Landmark owed Relais and/or Shadow Lake a duty of good faith and fair dealing and had an affirmative duty to adjust Relais's claims fairly

and promptly. Because Landmark has breached these duties, as set forth in this Count II, it is liable to Relais and/or Shadow Lake for all damages as a result of the breach.

27.

Pursuant to Louisiana Revised Statutes 22:1220(B)(5), Landmark breached its duty of good faith and fair dealings and its affirmative duty to adjust claims fairly and promptly. Such a breach was arbitrary, capricious, and without probable cause. As a result thereof, pursuant to Louisiana Revised Statute 22:658(A)(3) and Louisiana Revised Statutes 22:1220(C), Landmark is liable for penalties in the amount of two times the damages sustained by Relais.

## Count III

### Business Interruption Insurance

28.

As set forth above, the policy of insurance issued by Landmark which was in effect on August 29 - 30, 2005 provided coverage for the actual loss of income occasioned by Hurricane Katrina as well as for Extra Expenses from August 29, 2005 until the restoration of its property. As of the date of the filing of this lawsuit, Landmark has not paid any sum of money to Relais and/or Shadow Lake for loss of Business Income or for Extra Expenses. Relais alleges that it has not yet computed its recoverable loss of income or Extra Expenses due to the fact that its premises are not yet fully repaired. However, Landmark is liable to Relais for its damages as a result of loss of Business Income and for Extra Expenses from August 29, 2005 until the restoration of its property.

## Jury Trial

29.

Relais and Shadow Lake request a trial by jury.

**WHEREFORE,** Shadow Lake Management Company, Inc. and Relais Esplanade, L.L.C. pray that judgment be rendered herein in their favor and against defendant, Landmark American Insurance Company, as follows:

A. With respect to Count I, judgment be rendered against Landmark in the amount of One Million Five Hundred Thirty-Four Thousand Nine Hundred Eighty-Five and No/100 ($1,534,985.00) Dollars, plus legal interest thereon from August 29, 2005 until paid, or, alternatively, with legal interest thereon from date of judicial demand until paid, together with all costs incurred in connection herewith;

B. With respect to Count II, judgment be rendered herein against Landmark which reflects all of the penalties and multipliers provided by the Louisiana Statutes set forth herein, plus legal interest thereon from the date on which those penalties could be imposed, until paid, or, alternatively, from the date of judicial demand, until paid, plus attorney's fees;

C. With respect to Count III, judgment be rendered herein against Landmark in an amount which will fully compensate Relais for its loss of Business Income and Extra Expenses from August 29, 2005 until the restoration of its property;

D. Attorney fees under 35 U.S.C. §285;

E. All costs of this Action; and

F.  Shadow Lake and Relais have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the 7th Amendment to the Constitution of the United States, Shadow Lake and Relais demand a trial by jury of all issues triable as of right by jury in the above action.

Respectfully submitted:

*/s/ Peter J. Butler*

Peter J. Butler (La. #3731)
PETER J. BUTLER, L.L.C.
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
Telephone: 504.584.5443
Telecopier: 504.584.5452

**Counsel for Shadow Lake Management, Inc., and Relais Esplanade, L.L.C.**

**Service to be made upon defendant as follows:**
**LANDMARK AMERICAN INSURANCE COMPANY**
by and through its agent
Honorable Al Alter
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, Louisiana 70809