

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHADOW LAKE MANAGEMENT COMPANY, INC. and RELAIS ESPLANADE L.L.C. | * * * | CIVIL ACTION: 06-4357 |
| VERSUS | * * * | JUDGE BERRIGAN SECTION: C |
| LANDMARK AMERICAN INSURANCE COMPANY | * * | MAGISTRATE SHUSHAN |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

Defendant, Landmark American Insurance Company ("Landmark"), submits the following Affirmative Defenses and Answers to Plaintiff's Complaint.

### DEFENSES AND AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

The Complaint fails to state a claim against Landmark upon which relief can be granted.

#### SECOND DEFENSE

Landmark's liability, if any, is derived solely from a policy of insurance issued to Shadowlake Management Company ("Shadowlake"), which is limited by its terms, conditions and exclusions which are plead herein as if copied *in extenso*. Further, the Landmark policy follows the form of the underlying coverage, Aspen Specialty Insurance Company, subject to Landmark's terms, conditions and exclusions. The insuring

agreement in the Excess Physical Damage Coverage Form of the Landmark policy provides:

> Subject to the limitations, terms and conditions contained in this Policy or added hereto, the Company agrees to indemnify the Insured named in the schedule herein in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in the schedule, occurring during the period stated in the schedule and caused by any such perils as are set forth in Item 3 of the schedule, and which are also covered by and defined in the policy(ies) specified in the schedule and issued by the "Primary Insurer(s)" stated therein.

### THIRD DEFENSE

The Landmark policy follows the form of the Aspen primary policy which excludes flood as well as other identified special exclusions. In the Commercial Property part of the Aspen policy, the Causes of Loss – Special Form provides:

> B. Exclusions
>
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> g. Water
>
> (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
> (2) Mudslide or mudflow;
> (3) Water that backs up or overflows from a sewer, drain or sump; or
> (4) Water under the ground surface pressing on, or flowing or seeping through:
>     (a) Foundations, walls, floors or paved surfaces;
>     (b) Basements, whether paved or not; or
>     (c) Doors, windows or other openings.
>
> But if Water, as described in g.(1) through g.(4) above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.
>
>                     \* \* \*

4. Special Exclusions

The following exclusions apply only to the specified coverage forms.

a. Business Income (and Extra Expense) Coverage Form, Business Income (Without Extra Expense) Coverage Form. Or Extra Expense Coverage Form.

We will not pay for:

(4) Any increase of loss caused by or resulting form:

    (a) Delay in rebuilding, repairing or replacing the property or resuming "operations", due to interference at the location of the rebuilding, repair or replacement by strikers or other persons; or

    (b) Suspension, lapse or cancellation of any license, lease or Contract. But if the suspension, lapse or cancellation is directly caused by the "suspension" of "operations", we cover such loss that affects your Business Income during the "period of restoration" in accordance with the terms of the Extended Business Income Additional Coverage and the Extended Period of Indemnity Operational Coverage or any variation of these.

* * *

(b) Leasehold Interest Coverage Form

(1) Paragraph B.1.a. Ordnance or Law, does not apply to this Coverage Form.

(2) We will not pay for any loss caused by:

    (a) Your cancelling the lease;

    (b) The suspension, lapse or cancellation of any license or;

    (c) Any other consequential loss.

## FOURTH DEFENSE

The Landmark policy further excludes flood in the Excess Physical Damage Schedule as follows:

      3.      Perils Covered: All Risk Excluding Flood and Earthquake

### FIFTH DEFENSE

The Landmark policy contains the following regarding limits of coverage in the Excess Physical Damage Schedule:

      2.      LIMIT:

> Provided always that liability attaches to the Company only after the primary and underlying excess insurer(s) have paid or have admitted liability for the full amount of their respective ultimate net loss liability as set forth in Item 6 of the schedule and designated "Primary and Underlying Excess Limit(s)" and then the limits of the Company's liability shall be those set forth in Item 7 under the designation "Limit Insured" and the Company shall be liable to pay the ultimate net loss up to the full amount of such "Limit Insured."

> Item 6 in the Excess Physical Damage Schedule provides "Primary Limits and Underlying Limits of $5,000,000 per occurrence"; Item 7 provides "Limit Insured as $44,940,800 per occurrence.

### SIXTH DEFENSE

The Landmark policy further limits recovery by the Application of Recoveries section in the Excess Physical Damage Coverage Form which provides the following:

> All salvages, recoveries or payments recovered or received subsequent to a loss settlement under this Policy shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and the Company; provided always that nothing in this Policy shall be construed to mean that losses under this Policy are not recoverable until the Insured's ultimate net loss has been fully ascertained.

> There is no recovery under this excess policy as respects those coverages which are sublimited within the primary and/or underlying excess policy(ies) to amounts less than or equal to the amount indicated in item 6 of the Excess

> Physical Damage Schedule, however, the Insurers to this excess policy recognize that the primary and underlying excess policy limits can be eroded or exhausted, wholly or partially, by application of said sublimits.

## SEVENTH DEFENSE

The Landmark policy further limits recovery under the Scheduled Limit of Liability Endorsement which provides:

> It is understood and agreed that the following special terms and conditions apply to this policy:
>
> 1. In the event of loss hereunder, liability of the Company shall be limited to the least of the following in any one "occurrence":
>
>    a. The actual adjusted amount of the loss, less applicable deductibles and primary and underlying excess limits:
>
>    b. 100% of the individually stated value for each scheduled item of property insured at the location which had the loss as shown on the latest Statement of Values on file with this Company, less applicable deductibles and primary and underlying excess limits. If no value is shown for a scheduled item then there is no coverage for that item; or
>
>    c. The Limit of Liability as shown on the Declarations page of this policy or as endorsed to this policy.
>
> 2. Coverage under this policy is provided only at the locations listed on the latest Statement of Values on file with this Company or as endorsed on to this policy.
>
> 3. The premium for this policy is based upon the Statement of Values on file with this Company or attached to this policy.
>
> The term "occurrence", where used in this policy, shall mean any one loss, disaster, casualty or series of losses, disasters, or casualties arising from one event.
>
> When the term "occurrence" applies to a loss or series of losses from the perils of tornado, cyclone, hurricane, windstorm, hail, flood, earthquake, volcanic eruption, riot, riot attending a strike,

civil commotion and vandalism and malicious mischief, one event shall be construed to be all losses arising during a continuous period of 72 hours. When filing a proof of loss the insured may elect the moment at which the 72 hour period shall be deemed to have commenced, which shall not be earlier than the first loss to occur at any covered location

## EIGHTH DEFENSE

Certain damages are not recoverable per the Building and Personal Property Coverage Form, CP 00 10 (04/02) of the Aspen primary policy, which Landmark follows form, in the event that the damages were not caused due to direct physical loss or damage to covered property.

## NINTH DEFENSE

Certain damages are not recoverable per the Building and Personal Property Coverage Form, CP 00 10 (04/02) of the Aspen primary policy, which Landmark follows form, in the event that there is an increased cost of construction to building to which the Replacement Cost Optional Coverage applies.

## TENTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, loss or damage caused directly or indirectly from ordinance or law are excluded.

## ELEVENTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, loss or damage caused directly or indirectly from mold, fungus, wet rot, dry rot and bacteria are excluded.

### TWELFTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, loss or damage caused by or resulting from wear and tear, hidden or latent defects, are excluded.

### THIRTEENTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, loss or damage caused directly or indirectly from weather conditions are excluded.

### FOURTEENTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, loss or damage caused directly or indirectly from specific faulty, inadequate or defective work are excluded.

### FIFTEENTH DEFENSE

In the Cause of Loss – Special Form CP 10 30 (04/02), found in the primary Aspen policy which Landmark follows form, recovery is limited for damage caused by rain, snow, sleet, ice, sand or dust to the interior of any building or structure.

### SIXTEENTH DEFENSE

Certain coverage for Debris Removal is limited by the terms and conditions of the Building and Personal Property Coverage Form, CP 00 10 (04/02) of the Aspen primary policy, which Landmark follows form.

### SEVENTEENTH DEFENSE

Certain coverage for fungus, mold, wet rot, dry rot or bacteria is limited by the Exclusions and Limited Additional Coverage for Fungus form, RSG 96004 0903 of the Landmark policy.

### EIGHTEENTH DEFENSE

The Landmark policy follows the form of the Aspen primary policy for Business Income without Extra Expense coverage and is limited by the terms and conditions set forth in the policy, including, but not limited to, form CP 00 32 (04/02).

### NINTEENTH DEFENSE

The plaintiffs' claims are reduced by the co-insurance provisions in the various coverages, including, but not limited to, the Business Income (without Extra Expense) Coverage Form CP 00 30 (04/02) and the Building and Personal Property Coverage Form, CP 00 10 (04/02) of the Aspen primary policy, which Landmark follows form.

### TWENTIETH DEFENSE

The Builders' Risk Coverage Form, RSG 71002 1203, of the Landmark policy contains certain applicable exclusions, including:

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by promissory estoppel, waiver or by the doctrine of laches.

### TWENTY-SECOND DEFENSE

Granting the relief sought by Plaintiffs would result in unjust enrichment.

## TWENTY-THIRD DEFENSE

Plaintiffs' Complaint improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to Landmark by the Constitutions of the United States and the State of Louisiana.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs has not taken steps to minimize the loss, then such failure to mitigate will bar or reduce any recovery herein.

## TWENTY-FIFTH DEFENSE

Plaintiffs' damages, if any, are subject to proper allocation and must be offset by the amount of applicable policies, deductibles and payments received from other insurance policies, other insured, self-insured, and/or uninsured party, non-party, person or entity, as well as any payments made under the underlying policy issued by Aspen.

## TWENTY-SIXTH DEFENSE

The Landmark policy follows the form of the Aspen primary policy which on its Summary of Insurance and Special Provisions page provides for a wind and hail deductible of 1% of VARATOL, per Location. The Aspen Policy clarifies the use of the term VARATOL on endorsement ASPPR043 as: "VARATOL if used in this policy, means full values of the ""location"" at the time of loss".

## TWENTY-SEVENTH DEFENSE

Landmark requests a trial by jury on all issues.

## ANSWER

AND NOW, responding to each allegation set forth in Plaintiffs' Complaint, Landmark states as follows:

**1.**

Landmark denies the allegations in Paragraph 1 except to admit that it is an insurance company with its principal place of business in Georgia and is authorized to do business in Louisiana.

**2.**

Landmark admits the allegations in Paragraph 2.

**3.**

Landmark denies the allegations in Paragraph 3 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that venue is proper.

**4.**

Landmark denies the allegations contained in Paragraph 4 for lack of sufficient knowledge and information to justify a reasonable belief therein.

**5.**

Landmark denies the allegations contained in Paragraph 5 for lack of sufficient knowledge and information to justify a reasonable belief therein.

**6.**

Landmark denies the allegations contained in Paragraph 6 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that Aspen's insurance policy with the plaintiffs as a written document is the best evidence of its terms, conditions and exclusions.

**7.**

Landmark denies the allegations contained in Paragraph 7 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that Aspen's insurance policy with the plaintiffs as a written document is the best evidence of its terms, conditions and exclusions.

**8.**

Landmark admits the allegations contained in Paragraph 8.

**9.**

Landmark denies the allegation contained in Paragraph 9 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that it issued a policy of insurance to Shadowlake, policy number LHD339381, and that policy, as a written document, is the best evidence of its terms, conditions and exclusions.

**10.**

Landmark denies the allegations contained in Paragraph 10.

**11.**

Landmark denies the allegations contained in Paragraph 11 except to admit that Hurricane Katrina did strike the Parish of Jefferson on August 29, 2005.

**12.**

Landmark denies the allegations contained in Paragraph 12 for lack of sufficient information and knowledge to justify a reasonable belief therein.

**13.**

Landmark denies the allegations contained in Paragraph 13 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that it received notice of a claim.

**14.**

Landmark denies the allegations contained in Paragraph 14 for lack of sufficient knowledge and information to justify a reasonable belief therein.

**15.**

Landmark denies the allegations contained in Paragraph 15 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that Landmark did perform an inspection of the property.

**16.**

Landmark denies the allegations contained in Paragraph 16 except to admit that Aspen paid its limits.

**17.**

Landmark denies the allegations contained in Paragraph 17.

**18.**

Landmark denies the allegations contained in Paragraph 18.

**19.**

Landmark denies the allegations contained in Paragraph 19.

**20.**

Landmark denies the allegations contained in Paragraph 20 except to admit that it continues to adjust this claim.

### 21.

Landmark denies the allegations contained in Paragraph 21.

### 22.

Landmark repeats all denials.

### 23.

Landmark denies the allegations contained in Paragraph 23.

### 24.

Landmark denies the allegations contained in Paragraph 24.

### 25.

Landmark denies the allegations contained in Paragraph 25.

### 26.

Landmark denies the allegations contained in Paragraph 26.

### 27.

Landmark denies the allegations contained in Paragraph 27.

### 28.

Landmark denies the allegations contained in Paragraph 28 for lack of sufficient knowledge and information to justify a reasonable belief therein except to admit that the Landmark policy issued to Shadowlake was in effect on August 29-30, 2005 and that as a written document it is best evidence of its terms, conditions and exclusions.

### 29.

Landmark asserts the allegations contained in Paragraph 29 do not require a response. To the extent a response is required, the allegations are denied.

**30.**

Landmark denies the allegations contained in the paragraph of plaintiff's Petition beginning with "WHEREFORE."

**WHEREFORE**, defendant, Landmark American Insurance Company, prays that its Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceeding had, this Court render judgment in its favor, with all costs and fees assessed against the plaintiffs, and for all other just and equitable relief to which it is entitled and court is competent to grant.

Respectfully submitted,

RICHARD G. DUPLANTIER, JR. (#18874)
Email: rduplantier@gjtbs.com
JOHN E. FAHERTY, JR. (#22904)
Email: jfaherty@gjtbs.com
MICHAEL LONEGRASS (#28124)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
**Attorneys for Landmark American Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18t$^h$ day of January, 2007 a copy of the foregoing has been forwarded to all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid and also filed electronically with the Clerk of Court using the CM/ECF system.

_____
RICHARD DUPLANTIER