UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHADOW LAKE MANAGEMENT                            CIVIL ACTION
COMPANY, INC. AND RELAIS
ESPLANADE, L.L.C.

VERSUS                                            NO. 06-4357

LANDMARK AMERICAN                                 SECTION: "C"
INSURANCE COMPANY

### ORDER AND REASONS

This matter comes before the Court on the plaintiffs' Motion to Reconsider the transfer and consolidation of related cases (Rec. Doc. 16). The defendant has not filed an opposition to the motion. However, after considering the memorandum of counsel, the record and the applicable law, the Court finds that transfer and consolidation was appropriate.

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See, *Id.* The orders transferring the cases to this section were signed on January 4, 2007 (06-4358, 06-4259 and 04-4360) and January 16, 2007 (06-4428). The plaintiffs filed this motion on January 8, 2007, within ten (10) of the issuance of the Judges' rulings.

Therefore, Rule 59(e) governs the plaintiffs' Motion for Reconsideration. In *Washington*

*v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

The plaintiffs argue that they need to correct a clear and manifest error of fact or law. They argue that each of the five consolidated cases involves different properties that are all managed by Shadow Lake Management Company, Inc. ("Shadow Lake"), but have different owners. They claim that although similar elements of damages are claimed, each property suffered different amounts of damage depending on where it is located.[1]  Thus, they argue that the facts of the cases are different and each would take a week to try.

However, the plaintiffs concede that each of the properties is an apartment complex that is managed by Shadow Lake and insured by the defendant. Thus, it is likely that the properties have extremely similar, if not identical, insurance policies. Also, the properties were all surveyed by the same company and the same attorneys represent the parties in all of the actions.

 Local Rule 3.1.1E provides that when similar actions are pending in different sections of the Court, they shall be transferred to the section to which the case with the lowest docket number has been allotted in order to promote judicial economy and conserve judicial resources. This rule also aims to avoid the potential for forum shopping and conflicting rulings. See, Local Rule 3.1.1E. Although the cases in question involve different properties, the properties share the

---

[1] Two of the properties are in Gretna, Louisiana, two are in New Orleans, Louisiana and one is in Kenner, Louisiana.

same management company, which is also a plaintiff in all of the cases, the same surveyors, the same insurance company and likely virtually the same insurance policy. The Court determined that these matters should be consolidated in accordance with Local Rule 3.1.1E, because many they share many parties, issues and facts. Specifically, the Court is concerned with the potential for inconsistent rulings on matters that are central to all of these similar cases.[2]

Accordingly,

IT IS ORDERED that the plaintiffs' Motion for Reconsideration is hereby **DENIED.**

New Orleans, Louisiana this 23rd day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT

---

[2] Consolidation under Local Rule 3.1.1E does not necessarily mean that the cases will be tried together. If the plaintiffs' believe that they should not be, then a motion addressing that specific issue may be filed.