UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHADOW LAKE MANAGEMENT** | * | **CIVIL ACTION NO. 06-4357** |
| **COMPANY, INC. and** | * | **c/w 06-4358** |
| **RELAIS ESPLANADE, L.L.C.** | * | **c/w 06-4359 "ALL CASES"** |
| | * | **c/w 06-4360** |
| **VERSUS** | * | **c/w 06-4428** |
| | * | |
| | * | **SECTION "C"** |
| **LANDMARK AMERICAN** | * | |
| **INSURANCE COMPANY** | * | **MAGISTRATE: (1)** |
| | * | |

* * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION TO QUASH

**MAY IT PLEASE THE COURT:**

On May 3, 2007, plaintiffs' counsel forwarded to counsel for defendant, Landmark American Insurance Company (Landmark), a Rule 30(b)(6) corporate deposition notice for his client, limited to four clear and succinct topics.[1] This notice was amended on May 11, 2007, to include one extra topic.[2] The transmittal letter which accompanied the original May 3 deposition notice (i.e., Exhibit "A") provides in its entirety as follows:

> "I am enclosing a copy of a Notice of Corporate Deposition for Landmark Insurance Company in connection with the above referenced consolidated cases. Considering the discovery cutoff date and all of the dates on which you have already noticed depositions, I have noticed the foregoing deposition for May 29,

---

[1] A copy of this notice is attached as Exhibit "A".
[2] A copy of this notice is attached as Exhibit "B".

127539.1

2007. *If this date is not convenient, please let me know and we can certainly coordinate another date.*"³

Counsel for Landmark gave no inkling whatsoever that it had any problem with the noticed deposition until May 18, 2007 when he filed his Motion to Quash (15 days after he received the May 3 notice of the intended deposition). During this 15 day period, counsel for plaintiffs and counsel for Landmark had numerous conversations concerning other aspects of this litigation, yet no indication was ever given that Landmark would move to challenge this deposition.

In so doing, counsel for Landmark violated the express provisions of Local Rule 37.1(E) by failing to provoke a conference in an attempt to amicably resolve this issue prior to filing the Motion to Quash. Counsel for Landmark failed to attach any certificate to the motion, as required by Local Rule 37.1(E), that there has been a conference of counsel with respect to the issues set forth in its Motion to Quash.

On May 3, when the deposition was originally noticed, counsel for plaintiffs clearly set forth their willingness to coordinate another date for the deposition; however, counsel for Landmark has now waited until the eve of the date of the noticed deposition to complaint about it. It is submitted that counsel for Landmark, to say the least, is extraordinarily cavalier in attempting to quash this corporate deposition without complying with the Local Rules and by asking for an expedited hearing.

While for this reason alone this Motion to Quash should be denied, there are other substantive reasons for doing so. This Opposition will now address the merits of the Motion to Quash.

---

³ A copy of this transmittal letter is attached as Exhibit "C".

**Taking of a Corporate Deposition of a Defendant
is Proper in the Forum of the Litigation**

A plain reading of the federal rules shows no duty to depose a corporation in its principle place of business, when the corporation is a party to an action.

Rule 30(b)(6) provides that:

> "A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested."

Fed. R. Civ. P. 30(b)(6). The Rule 30(b)(6) procedure works very simply when, as here, the corporation or other organization is a party to the lawsuit. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2103. The notice alone is enough to compel the corporation to comply. *Id.* If the person designated by the corporation refuses to appear or refuses to obey an order to provide or permit discovery, sanctions are available and the deposition may be used by an adverse party as if it were the deposition of the corporation itself. *Id.*

While, at times, the deposition of a corporation by its agents and officers may be taken at its principle place of business, when the corporation is a defendant, the courts recognize that justice requires the deposition to take place in the forum of the litigation. For example, in <u>Turner v. Prudential Ins. Co. of America</u>, 119 F.R.D. 381 (D. N.C. 1988), a case involving a defendant insurance company, the Court held that:

> "Plaintiff is a small employer and defendant is a large insurance corporation. Defendant sells insurance policies in various states and, therefore, can well be expected to have claims and actions brought by its policyholders in those states…Under these circumstances, plaintiff's request to depose defendant concerning the policy in the state where the policy issued is both reasonable and expected, and defendant's claim of hardship in having to submit itself, through its officers, for deposition in the forum district is entitled to less sympathetic

consideration. This additional factor decidedly tips the balance in plaintiff's favor, therefore, requiring defendant's officers to appear in this District for depositions."

*Id* at 384.

In the instance matter, defendant is a multi-billion dollar insurance company that has affirmatively qualified to do business in Louisiana and has designated the Secretary of State for Louisiana as its agent for process in this State. The plaintiffs are five relatively insignificant apartment complexes (along with their management company) which purchased defendant insurer's policies of insurance in Louisiana, in order to protect the plaintiffs' property in Louisiana, and which were damaged by Hurricane Katrina which struck Louisiana. If there was ever a factual situation which required the application of the long standing practice recognized by the federal courts of deposing a defendant insurance corporation in the situs of the litigation, it is the one before this Court.

### **Landmark Relies Upon Cases That Do Not Support Its Argument**

Landmark relies on two cases in its Memorandum in Support that are patently inapplicable to the current situation. The first, a 1981 Eastern District of Tennessee case, involved a plaintiff who noticed a specific individual within a corporation, as opposed to the corporation itself. Dunn v. Standard Fire Insurance Company, 92 F.R.D. 31 (E.D. Tennessee 1981). In its ruling, the Dunn Court noted that: "the Court does not read the notice as having been given under the provisions of Rule 30(b)(6)…" *Id* at 32. As such, its holding would not touch upon the circumstances at bar.

The second case relied on by Landmark comes from a 1970 ruling out of the Northern District of Georgia. Grey v. Continental Marketing Associates, Inc., 315 F. Supp. 826 (D.C. Ga. 1970). A reading of this case shows that it held that a Motion to

Quash would be inappropriate in this instance as "…Rule 45 provides standards for the place of deposing witnesses and is inapplicable to parties…" *Id* at 832. Once again, Landmark has cited a case which does not touch upon the merits of its Motion.

### **Conclusion**

Accordingly, for all the foregoing reasons, this Court should deny Landmark's Motion To Quash Notice of Corporate Deposition.

Respectfully submitted,

  /s/ Richard G. Passler
Peter J. Butler, Jr. (Bar #18522)
Richard G. Passler (Bar # 21006)
**BREAZEALE, SACHSE & WILSON, L.L.P.**
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
Telephone: (504) 584-5454
Facsimile: (504) 584-5452

AND

Peter J. Butler, (Bar #3731)
PETER J. BUTLER, L.L.C.
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
Telephone: (504) 584-5443

*Counsel Shadow Lake Management Company, Inc., Relais Esplanade, L.L.C. Carol Sue Apartments, Linlake Ventures, Parc Fontaine II Apartments and Parc Fontaine Apartments*

5

127539.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

    /s/ Richard G. Passler