UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHADOW LAKE MANAGEMENT**<br>**COMPANY, INC. et al** | **CIVIL ACTION**<br>**06-4357-HGB-SS**<br>c/w 06-4358, 06-4359,<br>06-4360, 06-4428 |
| **VERSUS** | |
| **LANDMARK AMERICAN**<br>**INSURANCE COMPANY** | |

**ORDER**

LANDMARK'S MOTION TO QUASH NOTICE OF CORPORATE DEPOSITION (Rec. doc. 34)

**GRANTED IN PART AND DENIED IN PART**

In these five consolidated actions the defendant, Shadow Lake Management Company, Inc. (Shadow Lake"), and five owners of apartment buildings and condos filed suit against Landmark American Insurance Company ("Landmark"). The plaintiffs allege that their primary insurer paid its policy limits for property damages, business interruption losses and extra expenses incurred as a result of Hurricane Katrina. Landmark issued an excess policy with limits of approximately $45 million for the same risks covered by the primary insurer. The plaintiffs seek to recover on the excess policy. The five complaints indicate that Shadow Lake manages (on behalf of the five owners) approximately 1,500 units in about 75 buildings.

The scheduling order provides for completion of discovery by June 11, 2007, a pretrial conference on July 11, 2007, and a trial on July 30, 2007. Rec. doc. 13. Landmark's motion to continue the trial, which is opposed by plaintiffs, is set for June 6, 2007 before the District Judge.

Rec. doc. 39.

On May 3, 2007, plaintiffs served a notice for Landmark's Rule 30(b)(6) deposition for May 29, 2007 in New Orleans. Rec. doc. 38 at p. 1. On May 11, 2007, Shadowlake served an amended notice of corporate deposition for the same date in New Orleans. Id. On May 18, 2007, Landmark filed a motion to quash. Rec. doc. 34. Although this is a discovery motion, the motion was filed without a certificate pursuant to L.R. 37.1.

Landmark raises two objections to the notice. First, its counsel has a conflict on May 29, 2007. Its counsel has a hearing in a state court proceeding that involves an application for post-conviction relief in a death penalty case, which cannot be continued. Under these circumstances the court has no choice but to grant the motion to quash and require the parties to reschedule the deposition.

Landmark's second objection concerns the location of the deposition. Its principal place of business is in Atlanta. It contends that it must be deposed in Atlanta. The deposition of a corporation by its representatives should ordinarily be taken at its principal place of business. The rule, however, is subject to modification in the interest of justice. 8A Wright, Miller and Marcus, Federal Practice and Procedure §2112 (2d ed. 1994). But for the scheduling order deadlines and Landmark's delay in moving for relief, the court would require the plaintiffs to take Landmark's deposition in Atlanta. Considering the magnitude of the plaintiffs' holdings there would be no reason to depart from the rule. Discovery, however, must be completed by June 11, 2007. Landmark waited two weeks to file its motion to quash. In order to avoid any further delay Landmark will be required to produce its corporate representatives in New Orleans.

The plaintiffs and Landmark shall reschedule the deposition for another date in New Orleans. If they are unable to do this by close of business on Tuesday, May 29, 2007, counsel for plaintiffs shall request a telephone discovery conference with the undersigned.

IT IS ORDERED that the motion of Landmark to quash notice of deposition (Rec. doc. 34) is GRANTED in PART and DENIED in PART in accord with the provisions of this order.

New Orleans, Louisiana, this 25th day of May, 2007.

                                              **SALLY SHUSHAN**
                                    **United States Magistrate Judge**