UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHADOW LAKE MANAGEMENT CO., INC. AND RELAIS ESPLANADE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4357 c/w 06-4358, 06-4359, 06-4360, 06-4428** |
| **LANDMARK AMERICAN INSURANCE COMPANY** | **SECTION: "C" (1)** |

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment on Statutory Remedies filed by the plaintiffs in each of above captioned consolidated matters (Rec. Doc. 45).[1] The defendant, Landmark American Insurance Company ("LAIC"), opposes

---

[1] The titles and case numbers of the consolidated actions are: (1) *Shadow Lake Management, Inc. and Carol Sue Apartments v. Landmark American Insurance Company*, Civil Action No. 06-4358; (2) *Shadow Lake Management, Inc. and Linlake Ventures v. Landmark American Insurance Company*, Civil Action No. 06-4359; (3) *Shadow Lake Management, Inc. and Parc Fontaine II Apartments v. Landmark American Insurance Company*, Civil Action No. 06-4360; and, (4) *Shadow Lake Management, Inc. and Parc Fontaine Apartments v. Landmark American Insurance Company*, Civil Action No. 06-4428. Shadow Lake Managment Company, Inc. ("SLM") is the property manager for each of the separately owned properties which are the subjects of the consolidated actions.

the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **DENIED WITHOUT PREJUDICE**.

I. BACKGROUND

Shadow Lake Management Company, Inc. ("SML"), pursuant to separate management contracts, manages the separately owned properties which are the subjects of the above captioned consolidated actions. On February 1, 2005, SML procured insurance coverage for the properties from Aspen Specialty Insurance Company ("Aspen"). This insurance provided coverage against windstorms, falling objects, and water damage, except flood waters, for the properties, as well as, insurance for each of the respective property owners for business interruption and extra expense losses caused by hail and windstorm damages ("the Aspen Policy"). The Aspen Policy had limits of $5,000,000.

On that same date, SML also procured excess insurance for windstorms, falling objects, and water damage, except flood waters, and business interruption and extra expense losses from LAIC ("the LAIC Policy"). The LAIC Policy had limits of $44,940,800 per occurrence and was endorsed to the Aspen Policy.

Hurricane Katrina caused substantial property damage to all of the insured

properties. Also, the owners all suffered business interruption and extra expense losses. The plaintiffs assert that SML provided timely notice of the losses to both Aspen and LAIC after the storm and requested that the insurers inspect the properties. After the inspections, Aspen paid the full policy limits, $5,000,000, in January 2006. However, the properties and their owners suffered more than $5,000,000. As a result, the LAIC Policy of excess insurance was implicated.

The plaintiffs claim that on August 31, 2006, LAIC determined that their claim was worth at least $5,933,228.08. The plaintiffs assert that as of August 31, 2006, $933,228.08 was the undisputed amount that LAIC owed to them.[2] Accordingly, the plaintiffs argue that the undisputed about had to be paid to them within thirty (30) days of August 31, 2006 to avoid the penalties set forth in Louisiana Revised Statute § 22:658 and within sixty (60) days of August 31, 2006 to avoid the penalties set forth in Louisiana Revised Statute § 22:1220. However, the plaintiffs contend that LAIC failed to tender payment of the undisputed amount until March 2, 2007 and is subject to the statutory penalties. As a result, the plaintiffs filed this motion for summary judgment seeking an order which states that: (1) LAIC has violated Louisiana Revised Statutes §§ 22:658 and 22:1220 and that the plaintiffs are entitled to a jury instruction to that effect;

---

[2]   As mention above, the LAIC Policy was an excess insurance policy endorsed to the Aspen Policy. The Aspen Policy had limits of $5,000,000 and Aspen paid the policy limits. Thus, LAIC would only be liable for any claims in excess of $5,000,000.

(2) LAIC immediately pay the plaintiffs $466,614.04, i.e. $933,288.08 x 50%, which is the mandatory penalty under Louisiana Revised Statute § 22:658; and, (3) at least 50% penalty, pursuant to Louisiana Revised Statute § 22:658, shall be applied to any jury determination of the amount of the plaintiffs claim, which penalty may be increased by the jury up to 100%, plus interest and attorneys' fees, subject to a credit of amounts already received by the plaintiffs on their claims.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

**III. ANALYSIS**

Louisiana Revised Statute § 22:658 provides in pertinent part, that insurers, issuing the type of contract that LAIC issued to SML:

> A. (1) . . . shall pay the amount of any claim due any insured within thirty days after the receipt of satisfactory proofs of loss from the insured or any party in interest . . .
>
> B. (1) Failure to make such payments within thirty days after the receipt of such satisfactory written proofs and demand therefore . . ., as provided in Paragraph[] (A)(1) . . ., when such failure is found to be arbitrary, capricious, or without probable clause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater,

5

> payable to the insured, or to any of said employees, . . . as well as reasonable attorney fees and costs.

Similarly, Louisiana Revised Statute § 22:1220 provides that an insurer, including a surplus lines insurer, owes his insured a duty of good faith and fair dealing and must adjust claims fairly and promptly. The insurer can breach these duties of good faith and fair dealing by failing to pay the amount of any claim due to an insured within sixty days after the receipt of a satisfactory proof of loss when such failure is "arbitrary, capricious, or without probable cause." La. Rev. Stat. Ann. § 22:1220(B)(5). If the insurer breaches these duties, "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," in addition to any general and special damages to which the claimant is entitled. La. Rev. Stat. Ann. § 22:1220(C).

The statutes are substantially similar in that they both provide for the payment of penalties in the event that the insurer acts arbitrarily, capriciously or without probable cause in his failure to tender payment on a claim to an insured within a specific amount of time. Also, both statutes are penal in nature and must be strictly construed. *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 2004-1339 (La. App. 4 Cir. 2/2/05) 896 So.2d 230, 233 (*citing Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-01 (La. 10/21/03) 857 So.2d 1012, 1020). However, there are a few marked differences between the two statutes. First, the time periods allowed for payment differ – thirty (30) days under § 22:658 and

sixty (60) days under § 22:1220. *Calogero*, 753 So.2d at 174. Next, § 22:1220 allows both insureds and claimants to sue for breach, whereas § 22:658 only permits insureds to sue for breach.[3] *Matter of Hanover Corp. of Am. v. State Farm Mut. Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Finally, the penalties provided for by § 22:658 are mandatory, but the penalties outlined in § 22:1220 are discretionary. *Calogero*, 753 So.2d at 174.

Three elements must be satisfied for the plaintiffs to recover the statutory penalties. Specifically, the insurer must receive a satisfactory proof of loss; (2) the insurer must fail to pay the claim within the applicable statuary period; and, (3) the insurer's failure to pay must be arbitrary, capricious or without probable cause. *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 2004-1339 (La. App. 4 Cir. 2/2/05) 896 So.2d 230, 233.

The running of the applicable statutory limits begins when the insurer receives a satisfactory poof of loss. *Id.* Thus, "a satisfactory proof of loss is a necessary predicate to a showing that the insurer was arbitrary and capricious." *Id.* (*citing Reed*, 857 So.2d at 1021). The claimant has the burden of proving that the insurer received a satisfactory proof of loss. *Reed*, 857 So.2d at 1020.

Once the claimant has shown that the insurer has received a satisfactory proof of loss and has failed to pay within the proscribed time periods, he has the burden of

---

[3] In this case, the plaintiffs are all insureds.

proving that the insurer's failure to pay was arbitrary, capricious or without probable cause.  *Id.*; *Sibley v. Insured Lloyds*, 442 So.2d 627, 632 (La. App. 1 Cir. 1983); *Chevalier v. Reliance Ins. Co. of IL*, 953, F.2d 877, 883 (5th Cir. 1992).  An insurer's failure to pay is not arbitrary, capricious or without probable cause if the insurer has acted in good faith reliance on a reasonable defense to the claims or if there is a reasonable disagreement between the insured and the insurer as to the amount of the loss.  *Id; Sibley*, 442 So.2d at 632.  On the other hand, if part of a claim for property damage is not disputed, the insurer's failure to unconditionally tender the undisputed portion of the claim to the insured within the statutory delay will subject the insurer to liability for the statutory penalties on the entire claim.  *Sibley*, 442 So.2d at 632 (*citing O'Brian v. Allstate Ins. Co.*, 420 So.2d 1222 (La. App. 3 Cir. 1982); *Sigue Trucking, Inc. v. Insured Lloyds*, 417 So.2d 97 (La. App. 3 Cir. 1982); *LeBlanc v. Underwriters at Lloyd's London*, 402 So.2d 292 (La. App. 3 Cir. 1981); *Foster v. Western World Ins. Co.*, 339 So.2d 395 (La. App. 1 Cir. 1976)).

      The plaintiffs argue that they are entitled to the statutory penalties by virtue of the *Sibley* line of cases.  The plaintiffs attached various correspondences and spreadsheets to their motion which purport to show that on August 31, 2006 LAIC determined by its own calculations that their claim was worth at least $5,933,228.08 and that it owed them $933,228.08.  As a result, the plaintiffs argue that $933,228.08 was the undisputed amount which LAIC had to remit to them within thirty (30) or sixty (60)

days of August 31, 2006 in order avoid paying the penalties provided by §§ 22:658 or 22:1220, respectively.  The plaintiffs assert that LAIC acted arbitrarily, capriciously or without probable cause because it did not unconditionally tender the undisputed amount to them within the time delays set forth in the Statutes.

LAIC, on the other hand, argues that the plaintiffs have failed to meet their burden of proof.  It asserts that, even if the evidence presented by the plaintiffs is taken as true, the plaintiffs, at most, have shown that LAIC's payment was untimely.  LAIC contends that this is not enough to show that it acted arbitrarily, capriciously or without probable cause.  In support of this argument, LAIC advances a different interpretation of the *Sibley* line of cases.  LAIC, relying on the proposition that the determination of whether an insurer's failure to pay was arbitrary, capricious or without probable cause is a fact driven inquiry, argues that the cases cited by the plaintiffs held that the insurers' failures to pay within the statutory imposed deadlines were arbitrary, capricious and without probable cause under the facts and circumstances of those cases, rather than as a matter of law.  *See Steadman v. Sotelo*, 01-902 (La. App. 5 Cir. 1/15/02) 807 S.2d 911, 915.

LAIC's interpretation of the case law is unpersuasive. The cases relied upon by the plaintiffs hold that an insurer's failure to unconditionally tender the undisputed portion of the claim within the statutory deadlines subjects the insurer to the statutory

9

penalties. *See Sibley*, 442 So.2d at 632 (the insurer's failure to unconditionally tender the undisputed amount within the statutory period was arbitrary and capricious); *Steadman*, 807 S.2d at 916 (same); *O'Brian,* 420 So.2d at 1225-1226 (same); *Spalitta v. Hartford Fire Ins. Co.*, 428 So.2d 824, 827 (La. App. 5 Cir. 1983) (the insurer's failure to pay the undisputed portion of the claim within sixty (60) days after it had sufficient information to compute the claim was arbitrary, capricious and without probable cause); *Riverlands v. Underwriter's for Lloyd's*, 368 So.2d 156 (La. App. 2 Cir. 1979) (the insurer's failure to pay what it admittedly owned within the statutory deadline was arbitrary and capricious).

In this case, on August 30, 2006, LAIC's independent adjustor determined that plaintiffs' claim was worth at least $5,933,228.08 and recommended approval of the undisputed cash value. However, the record is silent as to when approval was actually granted and whether the delay was justifiable. LAIC notes that discovery is ongoing.

If LAIC's failure to pay the undisputed amount within the allotted time was arbitrary and capricious, the plaintiffs are not entitled to double recovery under §§ 22:658 and 22:1220. Louisiana Revised Statutes § 22:658 provides for penalties totaling 50% of the entire claim, where as the penalties assessed under § 22:1220 can total 100% of the entire claim. Section 22:1220 supersedes § 22:658 when it provides for a greater penalty. *Calogero*, 753 So.2d at 174. However, even if § 22:1220 supersedes § 22:658, the

insured can still collect attorneys fees under § 22:658 for the insurer's failure to pay his claim within thirty (30) days of receiving satisfactory proof of loss. *Id.*

If LAIC owes the plaintiffs the mandatory penalties under § 22:658, at present, the amount of penalties accrued would be $466,614.04, i.e. $933,288.08 x 50%. However, the amount of penalties owed under § 22:658 would increase if it is later determined that the plaintiffs' claim is greater than $933,288.08. Furthermore, the jury could award the plaintiffs penalties under § 22:1220 of more than 50% of the claim. If the penalties owed increases for either reason, LAIC would receive a credit for the amount of penalties already received by the plaintiffs, but under no circumstance would the plaintiffs be able to recover penalties of more than 100% of their entire claim.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion for Partial Summary Judgment on Statutory Remedies filed by the plaintiffs in each of above captioned consolidated matters is hereby **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 2nd day of July, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE