**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHADOW LAKE MANAGEMENT COMPANY, INC. et al** | **CIVIL ACTION** <br> **06-4357-HGB-SS  c/w 06-4358, 06-4359, 06-4360, 06-4428** |
| **VERSUS** | |
| **LANDMARK AMERICAN INSURANCE COMPANY** | |

**ORDER**

PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL ANSWER TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (Rec. doc. 99)

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 101)

PLAINTIFFS' MOTION TO ENFORCE COURT ORDER (Rec. doc. 102)

LANDMARK'S MOTION TO RECONSIDER ORDER OF OCTOBER 31, 2007 (Rec. doc. 104)

LANDMARK'S MOTION TO DISMISS OR CONTINUE PLAINTIFFS' MOTIONS TO COMPEL (Rec. doc. 106)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned are the following motions:  (1) the motion of the plaintiffs, Shadow Lake Management Company, Inc. (Shadow Lake") and five owners of apartment buildings and condos, to compel a supplemental answer to plaintiffs' second set of interrogatories (Rec. doc. 99); (2) plaintiffs' motion to compel (Rec. doc. 101); (3) plaintiffs' motion to enforce court order (Rec. doc. 102); (4) the motion of the defendant, Landmark American Insurance Company ("Landmark"), to reconsider the order of October 31, 2007 granting plaintiffs' motion to compel (Rec. doc. 104);

and (5) Landmark's motion to dismiss or continue plaintiffs' motions to compel (Rec. doc. 106).

1.  <u>Plaintiffs' request for sanctions</u>.

    All requests for sanctions are denied.

2.  <u>Defendant's request for in-person discovery conference</u>.

    Defendant's request for an in-person conference is denied.

3.  <u>Local Rule 37.1E</u>.

    The Rule provides,

    > No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

L.R. 37.1E.  Prior to filing any discovery motion in this action, the parties shall fully comply with this rule.  In this case a party seeking to file a discovery motion shall:  (1) provide at least 72 hours written notice of any discovery conference: (2) the notice shall identify the agenda for the conference; (3) the discovery conference must be conducted by telephone or in person (an exchange of letters will not suffice); (4) the results of the conference must be contained in the certificate submitted in compliance with L.R. 37; that is, the certificate shall contain a report on each item discussed at the conference; and (5) if the parties cannot agree on what was discussed or said at their discovery conferences, it is suggested they secure the services of a court reporter.  The court will not attempt to resolve swearing matches between counsel.

4.     Discovery orders and other Local Rules.

Henceforth the parties shall adhere to the requirements of the discovery orders and the Local Rules.  For example, if a motion to reconsider is not timely, it will be denied without reconsideration.

5.     Motion to compel supplemental answer to second set of interrogatories (Rec. doc. 99).

In this motion, the plaintiffs seek an order compelling a response to the following interrogatory:

> After receiving the August 31, 2006 report for its adjusting firm, Engle Martin & Associates, Inc., why did Landmark wait more than six (6) months before it tendered any money or other consideration for the repair of the Insured Properties?

Rec. doc. 99.  Landmark's response refers plaintiffs to the deposition of Berri Jordan.  Landmark indicates that Jordan is its corporate representative and that during her deposition she was questioned on this issue.  The plaintiffs contend that Landmark was not deposed pursuant to Fed. R. Civ. P. 30(b)(6).  Landmark replies that it was plaintiffs' decision not to proceed with a Rule 30(b)(6) deposition.

Landmark must provide the plaintiffs with answer to the interrogatory, which is binding on it.  By **Thursday, December 20, 2007**, Landmark shall serve a supplemental response to the interrogatory.  The answer may refer to Berri Jordan's deposition, but it must include references to specific pages where the answer is found.  The answer shall be signed by Landmark's representative under oath as required by Rule 33(b)(1).

6.     Plaintiffs' motion to compel production of documents (Rec. doc. 101).

The plaintiffs request, pursuant to Dudenhefer v. State Farm, 2007 WL 1521018 (Vance, J.), "the claims handling manuals of LAIC and other materials used in the education and instruction of

3

employees and third parties regarding LAIC's policies concerning the adjusting/handling of claims." Rec. doc. 101-2.[1]  Landmark acknowledges that the information is discoverable, but states that it does not have any such manuals or documentation. Rec. doc. 115 at p. 2.  By **Thursday, December 20, 2007**, Landmark shall submit an affidavit by an authorized representative of the company who shall state, that after a diligent search for these documents, there are no documents responsive to category nos. 1-3 of plaintiffs' second set of requests for production of documents.

7.  Motion to enforce court order and compel production of documents (Rec. doc. 102).

On October 15, 2007, the plaintiffs filed a motion to compel. Rec. doc. 96. Landmark did not submit any opposition and, on October 31, 2007 the motion was granted as unopposed. Landmark was ordered to respond fully to plaintiffs' discovery within ten working days. All objections to the discovery, except those based on the attorney-client privilege and the work product doctrine, were deemed waived. Rec. doc. 98. Plaintiffs seek to enforce this order reporting that prior to the issuance of the order, on October 30, 2007, Landmark served a supplemental response to the discovery. The plaintiffs contend that these responses are deficient.

On October 30, 2007, Landmark provided the plaintiffs with a privilege log which indicates that it withheld documents for the following reasons: (1) attorney-client privilege; (2) attorney work product; (3) prepared in anticipation of litigation and after commencement of litigation; (4) relevance; and (5) proprietary. If Landmark contends that a document is protected from disclosure because it was prepared either in anticipation of litigation or during the course of litigation, it is arguing that the document is subject to the work product doctrine.

---

[1] Plaintiffs state that this is sought in category nos. 1, 2 and 3 of their second set of requests for production of documents and the discovery is attached as Exhibit 2. There is no exhibit 2 in the record. The parties shall attach the discovery at issue in their motions to compel or include it in the body of the memoranda.

By **Thursday, December 20, 2007**, Landmark shall submit all documents for in camera review which it contends fall under category nos. 1, 2 and 3 above.  Each page of the documents shall be numbered.  Landmark shall submit a memorandum with reference to the documents by numbers that describes the basis for its contention that the document is protected from disclosure and referencing the specifics of each contention.  Landmark shall serve a copy of this memorandum on counsel for plaintiffs.  The plaintiffs have briefed the alleged deficiencies in Landmark's contention that these documents are protected from disclosure.  Rec. doc. 102 at pp. 5-10.  If the plaintiffs want to submit an additional memorandum after they receive Landmark's memorandum of December 20, 2007, they should notify the court as promptly as possible and they will be granted an opportunity to submit a further memorandum.

By **Thursday, December 20, 2007,** Landmark shall submit a motion for a protective order requesting that documents be withheld from production on the grounds that the documents are not relevant and/or would disclose proprietary information.  Landmark shall explain why its concerns cannot be addressed with a confidentiality order.  Landmark shall seek expedited consideration of this motion.  The court will set a briefing schedule at that time.  Landmark shall comply with L.R. 37.1 before filing this motion.

If plaintiffs contend that there are any other deficiencies in Landmark's October 20, 2007 discovery response, they may file a motion to compel and request expedited consideration.  They shall comply with L.R. 37.1 before filing this motion.

8.   Landmark's motion to reconsider October 31, 2007 order (Rec. doc. 104).

Landmark is granted some relief as provided in part seven above.

Landmark states that it "did not oppose the motion as it had every intention of producing

5

documents which it believed to be responsive to plaintiffs' discovery requests prior to the hearing date." Rec. doc. 104.  Landmark is represented by experienced counsel who should know that if the court does not receive any opposition, the motion will be granted as unopposed.  If Landmark contends that a discovery response renders the motion moot, it should gain the mover's agreement to notify the court that the motion is moot.  If they are unable to agree, then Landmark must submit an opposition.

9.    Landmark's motion to dismiss or continue plaintiffs' motions to compel (Rec. doc. 106).

Landmark contends that the plaintiffs failed to comply with L.R. 37.1 with respect to their motions to compel.  The court has described the procedures that must be followed with respect all future discovery motions.

IT IS ORDERED that the following motions are GRANTED in PART and DENIED in PART in accord with the terms of this order:  (1) plaintiffs' motion to compel a supplemental answer to plaintiffs' second set of interrogatories (Rec. doc. 99); (2) plaintiffs' motion to compel (Rec. doc. 101); (3) plaintiffs' motion to enforce court order (Rec. doc. 102); (4) Landmark's motion to reconsider the order of October 31, 2007 granting plaintiffs' motion to compel (Rec. doc. 104); and (5) Landmark's motion to dismiss or continue plaintiffs' motions to compel (Rec. doc. 106).

New Orleans, Louisiana, this 10th day of December, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**