UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHADOW LAKE MANAGEMENT COMPANY, INC. AND RELAIS ESPLANADE L.L.C.** | **CIVIL ACTION** |
| | **06-4357** |
| **VERSUS** | |
| | **SECTION "C" (1)** |
| **LANDMARK AMERICAN INSURANCE COMPANY** | |

## ORDER AND REASONS

Before the Court is a Motion *In Limine* to Strike the Testimony of Matthew Wilson, filed by the Plaintiffs, Shadow Lake Management Company's ("Shadow") (Rec. Doc. 156). Defendant, Landmark American Insurance Company ("Landmark"), opposes the motion. The motion is before the court on the briefs, without oral argument. Having considered the arguments of counsel, the record and the applicable law, the motion is denied.

## I. BACKGROUND

As previously described by the Court, Shadow owns nearly 1,500 apartments contained within four complexes in the greater New Orleans area. This case concerns 1) the degree of storm damage sustained to each particular unit at each of the apartment complexes; and 2) the costs associated with repairing the damage. Landmark seeks to offer the expert testimony of

1

Matthew Wilson ("Wilson") to establish a reasonable markup rate for the repair work at issue in this matter. Shadow asserts that Landmark untimely designated Wilson as an expert and that his expert report was submitted past the deadline established in the Scheduling Order. In addition, Shadow contends that Landmark failed to submit an expert report that complied with Federal Rule of Civil Procedure 26. Finally, in a reply memorandum, Shadow avers that Wilson should be excluded pursuant to *Daubert* and *Kumho*. In contrast, Landmark argues that it designated Wilson as an expert within the extended deadline, a supplemental disclosure cured any Rule 26 errors, and Wilson's testimony is admissible.

## II. EXPERT WITNESS STANDARD

Federal Rule 702 governs the admissibility of expert testimony and reports. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Rule 702 was amended in 2000 to reflect the United States Supreme Court decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The *Daubert* decision changed the criteria for the admissibility of expert testimony, charging trial courts to act as "gate keepers" to ensure the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. In *Kumho Tire,* the Supreme Court held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147.

In *Daubert,* the Supreme Court created a two-prong test for trial judges to determine the admissibility of expert testimony. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Additionally, both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id.* at 593-94. These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong, whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. *Daubert* described this examination as a question of whether expert testimony

proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.  *Id.* (citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985).)  As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N.D. Tex. Nov. 15, 2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Therefore, expert testimony is not relevant, and thus, inadmissable if it is not helpful.  "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier."  *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).  "The Court in *Peters* ruled that it is within the discretion of the trial judge to decide "that the [fact-finder] could adeptly assess the situation using only their common experience and knowledge," and thus exclude expert testimony on that basis.  If the expert's testimony brings no more to the finder of fact than the lawyers can offer in argument, the expert's opinions should be excluded.  *In Re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D. La. Dec. 11, 2002).

It is important to note that when expert testimony or reports are challenged under *Daubert,* the Court's role as a gatekeeper does not replace either the traditional adversary system, or the jury's place within the system.  *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003).  As the *Daubert* court noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 509 U.S. at 596.  As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration.  *United States v.*

*14.38 Acres of Land, More or Less S. in County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

**III. ANALYSIS**

    **1. Timeliness**

Shadow initially asserts that Landmark untimely designated Wilson as an expert and that his expert report was submitted past the deadline established in the Scheduling Order. On May 20, 2008 the Court extended the deadline for submission of expert reports and depositions to May 27, 2008 at noon. (Rec. Doc. 146). Landmark presents evidence that Wilson expert report was submitted on May 14, 2008. Therefore, Wilson's expert report was filed within the new deadline.

    **2. Rule 26 Requirements**

Shadow contends that Landmark failed to submit an expert report that complied with Federal Rule of Civil Procedure 26. Landmark has cured the deficiencies, and thus, the initial failure to comply with Rule 26 does not provide sufficient grounds to exclude Wilson.

    **3. *Daubert* and *Kumho***

Wilson's expert report discusses different methods of calculating overhead and profit in construction projects. Based on Wilson's extensive experience in the construction industry, he opines about the upper limit for overhead costs that insurers will accept. This information is relevant because it will assist the trier of fact in this insurance dispute. *See Peters*, 898 F.2d at 450. Shadow is correct that Wilson has not performed any sort of scientific methodology to reach his conclusions; however, Wilson's opinions are based on specialized knowledge. Again,

the *Daubert* factors compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Kumho Tire*, 526 U.S. at 144. In this case, Wilson's specialized knowledge of the construction industry is relevant. Thus, Shadow's concerns about the basis of Wilson's report and opinions are best resolved by vigorous cross-examination and the presentation of contrary evidence. *Daubert*, 509 U.S. at 596.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Shadow's motion *in limine* is hereby DENIED (Rec. Doc. 156).

New Orleans, Louisiana, this 17th day of June, 2008.

                                             HELEN G. BERRIGAN
                                             UNITED STATES DISTRICT JUDGE