UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHADOW LAKE MANAGEMENT                             CIVIL ACTION
COMPANY, INC. AND RELAIS
ESPLANADE L.L.C.
                                                   06-4357  REF: All Cases
VERSUS
                                                   SECTION "C" (1)
LANDMARK AMERICAN INSURANCE
COMPANY

**ORDER AND REASONS**

Before the Court is a Motion *In Limine* to Exclude Settlement Discussion Amounts, filed by the plaintiffs, Shadow Lake Management Company, Inc. ("Shadow"). (Rec. Doc. 209). Defendant Landmark American Insurance Company ("Landmark") opposes the motion. (Rec. Doc. 211). The motion is before the court on the briefs, without oral argument. Having considered the arguments of counsel, the record and the applicable law, the motion is granted.

**I. BACKGROUND**

As previously described by the Court, Shadow owns nearly 1,500 apartments contained within four complexes in the greater New Orleans area. This case concerns 1) the degree of storm damage sustained to each particular unit at each of the apartment complexes; and 2) the

1

costs associated with repairing the damage.  Defendant seeks to introduce what it describes as a "second adjustment" performed by plaintiff's expert, Greenspan Co./Adjusters International ("Greenspan) on August 25, 2006 for the purposes of showing the "unreasonable, unreliable, and inflated nature of the original adjustment." (Def. Opp. 4).  Plaintiff argues that this "second adjustment" was in fact a settlement offer and the amount offered is therefore inadmissible under Federal Rule of Evidence 408.  Alternatively, plaintiff claims the "second adjustment" is not relevant and should be excluded under Federal Rule of Evidence 403.

## II. LAW AND ANALYSIS

It is clear from that the amount contained in the letter dated August 25, 2006 from Greenspan is an offer of settlement.  The letter states that "our team has gone back to the drawing board in an effort to compile a *settlement* offer" and further offers a "*settlement* proposal for $15,775,775.83 for the *settlement* of the four properties."  (Pltf. Mem. Ex. 1)(emphasis added).

Federal Rule of Evidence 408 provides that conduct or statements made in settlement negotiations are inadmissible "when offered to prove liability for, invalidity of, or amount of a claim."  Defendant's proffered use is squarely prohibited by Rule 408.  Defendant seeks to introduce the offer to demonstrate that the initial claim is invalid or at a minimum, a lesser amount than claimed.  Defendant is free to probe the scope and methodology of Greenspan's initial adjustment and estimate in cross-examination, but may not do so through comparison of the initial estimate with the settlement amount in the August 25,2006 letter.

**III. CONCLUSION**

Accordingly,

IT IS ORDERED that plaintiff's Motion *In Limine* to Exclude Settlement Discussion Amounts (Rec. Doc. 209) is GRANTED.

New Orleans, Louisiana, this 6th day of February, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE