UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHADOW LAKE MANAGEMENT                                   CIVIL ACTION
COMPANY, INC. AND RELAIS
ESPLANADE L.L.C.
                                                         06-4357
VERSUS                                                   [REF: ALLCASES]

                                                         SECTION "C" (1)

LANDMARK AMERICAN INSURANCE
COMPANY

ORDER AND REASONS

Before the Court is a Motion *In Limine* to Exclude the Greenspan Adjustments, filed by the Defendant Landmark American Inusrance Company ("Landmark")(Rec. Doc. 196). Plaintiff Shadow Lake Management Company, Inc. ("Shadow") opposes the motion. (Rec. Doc. 200). The motion is before the court on the briefs, without oral argument. Having considered the arguments of counsel, the record and the applicable law, the motion is denied.

I. BACKGROUND

As previously described by the Court, Shadow owns nearly 1,500 apartments contained within four complexes in the greater New Orleans area. This case concerns 1) the degree of storm damage sustained to each particular unit at each of the apartment complexes; and 2) the costs associated with repairing the damage. Plaintiff seeks to offer the estimates generated by

1

the Greenspan Co./Adjusters International ("Greenspan) into evidence and has indicated that the Greenspan estimates will form a part of plaintiff's expert testimony by Greenspan president, William Rake.

This Court has previously denied a motion *in limine* by defendant to exclude the testimony, opinions, and reports of William Rake. ("Rake") (Rec. Doc. 179). In that motion, defendant attempted to exclude Rake's opinions as lacking the required factual basis and specifically argued that the Greenspan adjustments lacked the documentary evidence to support the Rake's conclusions. (Rec. Doc. 141). Defendant now seeks to revisit the admissibility of these very same documents, but this time challenges their admissibility under Federal Rule of Evidence 401 (relevance) instead of 702 (expert testimony).

## II. LAW AND ANALYSIS

Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible." Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence." Fed. R. Evid. 401.

First, defendant claims that the Greenspan adjustments are irrelevant, and therefore not admissible, because the estimates are not reliable or accurate and there is no evidence of supporting documentary evidence. (Def. Mem. 5). In opposition, plaintiff notes that the process for Greenspan's transcribing and documenting damages involved dictation into microcassettes and that data was entered nightly into the Xactimate software. (Pltf. Opp. 2). Plaintiff's expert William Rake considers the Xactimate software to be a program commonly used in the insurance

industry. (Rec. Doc. 141, Report of William G. Rake). As such, the Court considers the estimates to be sufficiently reliable to be relevant and admissible at trial.

Second, the defendant claims that the Greenspan adjustments are not the best evidence of damages when the repairs at the damaged property have been completed. (Def. Mem. 6). Instead, they are argue that the invoices of repairs completed best document the damages sustained by the plaintiff. "[I]t is well settled that the measure of damage is the cost of restoring the property to its former condition." *Buller v. American Nat. Property & Cas. Companies* 838 So.2d 67, 73, 2002-820 , 9 (La.App. 3 Cir. 2003)(emphasis added)(*citing Coleman v. Victor*, 326 So.2d 344, 346-47 (La.1976). Plaintiff disputes that repairs are complete and contends that the rental properties have not in fact been returned to their former condition. The degree of repairs and whether or not further repair is required is a question for the jury. The Court will not intrude on that function by denying the jury the underlying estimates should the jury conclude additional repairs are required.

Third, defendant claims the estimates should be excluded because the estimates are based on replacement cost and not actual cash value. (Def. Mem. 10). In addition, defendant argues that providing the replacement cost instead of the actual cash value will confuse and mislead the jury. (Def. Rep. at 10). Under the insurance policies at issue, defendant is obligated to pay the actual cost value of the claim. But the actual cost value of the claim, under Louisiana law, can be deduced from the replacement cost. *See Real Asset Management Inc. v. Lloyd's of London*, 61 F.3d 1223, 1228 at n.7 (5th Cir.1995)(citing Louisiana law for the proposition that "[a]ctual cash value" is defined as the reproduction cost less depreciation.) Therefore the replacement cost value is relevant to plaintiff's claim and will not unduly confuse the jury.

**III. CONCLUSION**

Accordingly,

IT IS ORDERED that defendant's Motion *In Limine* to Exclude the Greenspan Adjustments (Rec. Doc. 196) is DENIED.

New Orleans, Louisiana, this 9th day of February, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE